HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE OHIO CASUALTY INSURANCE COMPANY,

    Plaintiff,

    v.

D & R EXCAVATING, INC., a Washington corporation, *et al.*,

    Defendants.

Case No. 22-137RAJ

**ORDER DENYING MOTION TO DISMISS, OR IN ALTERNATIVE, STAY THE ACTION**

## I. INTRODUCTION

This matter comes before the Court on Defendant CPM Development Corp.'s Motion to Dismiss the Complaint, or Alternatively to Stay the Action. Dkt. # 23. Plaintiff opposes the motion. Dkt. # 28. For the reasons below, the Court **DENIES** the motion.

## II. BACKGROUND

This is an insurance dispute arising from litigation over the 2018 Vashon Island Highway SW Pavement Preservation Project (the "Project"). Dkt. # 1, ¶ 12. As part of the Project, asphalt from Vashon Highway SW would be removed and disposed. *Id.*, ¶ 15.1.

Vashon Island is designated as a "Critical Aquifer Recharge Area" in the King County Code. Dkt. 1, ¶ 22.1. Because of that designation, asphalt millings could not be disposed anywhere on Vashon Island. Dkt. *Id*. Defendant ICON secured the contract with the County and subcontracted with defendant D&R Excavating, Inc. ("D&R") to dispose

ORDER – 1

of the asphalt millings. *Id.*, ¶¶ 12, 13. During the Project, the County learned that D&R stockpiled and disposed of the millings at various regarding properties on Vashon Island. *Id.* ¶ 15.9. After ICON's demands to D&R went unanswered, ICON remediated the damage at several properties on Vashon Island. *Id.* ¶¶ 15.11, 15.12.

The County filed suit against ICON in the Underlying Action in King County Superior Court. *Id.* ¶ 15.15. ICON, in turn, filed an Answer and Third-Party Complaint against D&R, alleging D&R breached the subcontract, both by improperly disposing of the asphalt millings and by failing to defend and indemnify ICON against the County's claims. *Id.* ¶ 15.16. The County then filed a counterclaim (the "Counterclaim") against D&R directly, alleging that D&R's disposal of the millings violated the King County Code. *See id.* ¶ 17.5.

D & R tendered the claims asserted against it in the Underlying Action to Ohio Casualty for defense and indemnity coverage under two policies, the CGL Policy and the Umbrella Policy. *Id.* ¶ 22. In letters dated August 21, 2020, and February 3, 2022, Ohio Casualty agreed to defend D & R in the Underlying Action subject to a reservation of rights. *Id.* ¶ 25. In this action, Ohio Casualty seeks declaratory relief under the Declaratory Judgments Act that it has no duty to defend or indemnify D & R in the Underlying Action under either the CGL Policy and the Umbrella Policy. *Id.* ¶¶ 38, 44.

In July 2022, Defendant ICON filed the pending motion to dismiss, or alternatively, motion to stay pending the outcome of the Underlying litigation under the abstention doctrine in *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 492 (1942). Dkt. # 36. In its response to ICON's motion, Ohio contends that because the Court can resolve coverage without finding any facts of consequence to the underlying state court lawsuit, *Brillhart* abstention is unwarranted. Dkt. # 28.

### III. DISCUSSION

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The

ORDER – 2

moving party bears the burden of establishing that a stay is necessary. *Id*. at 708.

This matter involves the Declaratory Judgments Act, 28 U.S.C. § 2201, under which a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Supreme Court in *Brillhart* held that in a situation in which another proceeding was pending in state court in which the matters at issue before the federal court could be fully adjudicated, "a declaratory judgment in the federal court was unwarranted." *Id*. at 495. The Supreme Court explained its reasoning accordingly:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.

*Id*. at 495.

Over fifty years later, the Supreme Court reinforced the "unique and substantial discretion [of district courts] in deciding whether to declare the rights of litigants" under the Declaratory Judgments Act. *Wilton v. Seven Falls Co*., 515 U.S. 277, 286 (1995). In *Wilton*, the Court concluded that the district court had acted properly when it stayed an action for declaratory relief "when parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court." *Id*. at 290.

In determining whether to exercise its discretion to retain jurisdiction over such a declaratory judgment action, a district court should "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495. This evaluation, the Supreme Court explained, may involve an inquiry as to the scope of the pending state court claims, the nature of defenses, and whether the claims of all parties can be adjudicated satisfactorily in the

ORDER – 3

state proceeding. *Id*. Specifically, a district court's exercise of discretion should be guided by three factors: (1) the court should avoid unnecessary determination of state issues; (2) it should discourage the filing of declaratory actions as a means of forum shopping; and (3) it should not engage in duplicative litigation. *Am. Cas. Co. of Reading, Pennsylvania v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999) (internal citation omitted).

Here, ICON moves the Court to exercise its discretion to dismiss the action, or alternatively, to stay this action until factual determinations have been made in the Underlying Action in line with the *Brillhart-Wilton* doctrine. Dkt. # 36 at 2. The Court finds that such a stay is unwarranted.

With respect to the first factor, the Court finds that it need not engage in unnecessary determination of state issues. The question of whether the Policy covers D&R for the alleged actions and damages in the Underlying Action is not before the state court. Dkt. # 28 at 10. *See American Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1119 (9th Cir. 1999) (holding that "[b]ecause the state court case did not include the coverage issue, and because the coverage issue in the federal action was not contingent on any further state court proceedings, the district court found good cause to continue to exercise its jurisdiction"). Indeed, the legal issues before the state court are distinct from the declaratory judgment sought here. The issues before the state court involve whether Defendants engaged in the alleged conduct, and if so, whether they are liable to King County based on that conduct. Dkt. # 1, ¶ 15. The issues before this Court, on the other hand, are whether the Policy covers D&R, assuming that the allegations are true. Based on the distinct legal issues before this Court and the state court, this Court's analysis will not involve a "needless determination of state law issues." *Id*. This weighs against a stay or dismissal.

With respect to the second factor, there is no evidence of forum-shopping. Absent evidence of forum-shopping, this factor leans slightly against a stay.

Finally, with respect to the third factor, the Court finds that a stay is not warranted

ORDER – 4

to avoid duplicative litigation. Indeed, as already discussed, the legal issues before this court in the declaratory action are distinct from those before the state court. The federal court action, therefore, is not duplicative of the state court action. This factor weights against a stay.

Based on the foregoing analysis, the Court hereby finds that the *Brillhart* factors do not weigh in favor of a dismissal or stay here.

**IV. CONCLUSION**

For the reasons above, Defendant's Motion is **DENIED**. Dkt. # 23.

DATED this 21st day of March, 2023.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 5